92 F.3d 1194
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Kewarth KEMP, Defendant-Appellant.
 No. 95-10125.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 4, 1995.
Submission Vacated Dec. 5, 1995.
Submitted July 24, 1996.
Decided July 24, 1996.
 ORDER
 
 1
 It is hereby ordered that this case be RESUBMITTED.
 
 
 2
 Before: GOODWIN, and REINHARDT, Circuit Judges, and KING,* District Judge.
 
 
 3
 MEMORANDUM**
 
 
 4
 This case is ordered submitted. Kemp moved to dismiss his criminal indictment on double jeopardy grounds. He contends that he has already been punished because he has been fined under the civil False Claims Act, 18 U.S.C. § 3729 et seq, which he argues does not serve a solely remedial purpose. This argument is unavailing in light of United States v. Ursery, 1996 WL 340815 (1996).
 
 
 5
 We affirm the district court because the civil penalties imposed here did not "subject a prolific but small-gauge offender to a sanction overwhelmingly disproportionate to the damages he has caused." United States v. Halper, 490 U.S. 435, 449 (1987). In Halper, the Court said "in the ordinary case fixed-penalty-plus-double-damages provisions can be said to do no more than make the Government whole." 490 U.S. at 449. Here, Kemp paid no fixed penalty but solely treble damages. Thus, he has not previously been "punished" under the civil False Claims Act. Therefore, the district court properly denied Kemp's motion to dismiss the indictment on double jeopardy grounds.
 
 
 6
 AFFIRMED.
 
 
 
 *
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3